HERTENBERGER *v.* CITY OF TEXARKANA.

5-498                                    272 S. W. 2d 435

Opinion delivered November 15, 1954.

*Geo. F. Edwardes,* for appellant.

*Charles Conway,* for appellee.

ROBINSON, J. The appellant, Evelyn Hertenberger, applied to the City of Texarkana for a license to operate a hotel. The council, after considering the application, refused to issue the license. By certiorari appellant took

the matter to the circuit court and has appealed from a judgment of that court approving the action of the city council.

Ordinance B-439 of the City of Texarkana pertains to the licensing of rooming houses and hotels, and provides: "Such license shall not be granted unless it shall appear probable to the Council that such applicant will not rent rooms for immoral purposes, or allow prostitutes or pimps to remain on such premises or permit gambling or the sale, storage or keeping of intoxicating liquor on such premises." The city council of Texarkana has the power and authority to enact such an ordinance; Ark. Stats., § 19-2304. The ordinance is constitutional; *City of Texarkana* v. *Brachfield*, 207 Ark. 774, 183 S. W. 2d 304.

One of the principal contentions of appellant is that the right to operate a hotel is a property right and that for the council to fail to authorize the issuance of the license is depriving the appellant of such a right without due process of law. Appellant relies on the *Brachfield* case; there it was held the city council was without authority to cancel a license after it was once issued without out a proceeding in the courts. Thus the principal issue in that case is not in point with the issue here involved. There the license had been issued and the licensee had the right to rely on the license and incur obligations accordingly; whereas in the case at bar the applicant was never issued a license and had no right to assume that she would be granted a license and act on such assumption.

Without going into detail as to the evidence, suffice it to say that the council was justified in reaching the conclusion that if Mrs. Hertenberger was granted a license, in all probability the hotel rooms would be rented for immoral purposes; and Ordinance B-439 specifically provides that the license shall not be granted in such circumstances. It is true that the evidence before the council as to Mrs. Hertenberger's record was not the kind of evidence that would be admissible in a court of law. However, administrative bodies such as the city

council, in arriving at facts are not confined to the rules of evidence prevailing in the courts. In *Carr* v. *City of El Dorado,* 217 Ark. 423, 230 S. W. 2d 485, it is said: "The practical exigencies of attending to aldermanic business in a modern city make it impossible for a city council always to conduct hearings as a court does. So long as the hearing is conducted in a manner designed reasonably to apprise Council members of the relevant facts, in a case involving issuance of a permit like that now before us, we hold there is no violation of due process of law or other constitutional requirements in the fact that some Council members who voted on issuance of the permit were not present at the hearing."

Although the right to operate a hotel is a property right, this fact does not preclude the city council from refusing to issue a license where the issuance of such license would be in violation of a valid ordinance. In the *Carr* case it was further said: "The legal character of official action by city councils is diverse. The concept of complete separation of powers, however it may exist in other areas of government, does not abide in the city council chamber. Primarily legislative in their functionings, city councils yet perform many acts, pass many ordinances and resolutions, that are administrative or judicial in their nature. . . . It is not impossible that a single aldermanic action may possess characteristics of all three of the classic departments of government—legislative, executive, and judicial."

Appellant complains that she was not given opportunity to be heard; however, it appears that she was present when the council voted on her application; and although she said nothing in her behalf prior to the time of taking the vote, she was given an opportunity to speak when she requested to do so; and after hearing her, the mayor asked if any member of the council desired to change his vote. Thus it appears that she had full opportunity to present her case.

We have reached the conclusion that the ordinance is valid and none of the applicant's constitutional rights

238

were violated in refusing her a license to operate a hotel in Texarkana.

Affirmed.